**EXHIBIT A**

LAW OFFICES OF PAUL A. RELICH, P.C.
Paul A. Relich, Esq.
Arizona State Bar No. 10701; PCB No. 47236
8230 East Broadway Boulevard, Suite E-8
Tucson, Arizona 85710
(520) 382-2800
par@relich.com

Attorney for Defendants

COPY
JUN - 9 2014
TONI L. HELLON
CLERK, SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR COUNTY OF PIMA

| | |
|---|---|
| TERI MCGUIRE, in her individual capacity,<br><br>    Plaintiff,<br><br>vs.<br><br>STEPHEN V. STREITFELD, M.D., P.C., a professional corporation, and STEPHEN V. STREITFELD and JANE DOE STREITFELD, husband and wife,<br><br>    Defendants. | No. C2014-2741<br><br>**ANSWER**<br><br>(Assigned to Honorable Charles V. Harrington) |

Defendants Stephen V. Streitfeld, M.D., P.C., Stephen V. Streitfeld, and Jane Doe Streitfeld (collectively referred hereafter to as "Defendants"), for their Answer, hereby answer, allege and aver as follows:

**GENERAL ALLEGATIONS**

1. With respect to the allegations in Paragraph 1 of the Complaint, Defendants admit the allegations.

2. With respect to the allegations in Paragraph 2 of the Complaint, Defendants admit the allegations.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendants admit Defendant Stephen Streitfeld was at all relevant times married to Jane Doe Streitfeld (whose true name is Diane Streitfeld). With respect to the remaining allegations in Paragraph 3 Defendants are without sufficient information or belief so as to be able to admit or deny the allegations therefore deny same.

4. With respect to the allegations in Paragraph 4 of the Complaint, Defendants admit the allegations.

5. With respect to the allegations in Paragraph 5 of the Complaint, Defendants admit the allegations.

6. With respect to the allegations in Paragraph 6 of the Complaint, Defendants admit the allegations. Defendants affirmatively allege, however, that the United States District Court for the District of Arizona also has personal and subject matter jurisdiction, and that venue is proper in that Court as well.

## GENERAL ALLEGATIONS

7. With respect to the allegations in Paragraph 7 of the Complaint, Defendants admit the allegations.

8. With respect to the allegations in Paragraph 8 of the Complaint, Defendants admit Stephen V. Streitfeld, M.D., P.C. is an employer. With respect to the remaining allegations in Paragraph 8, Defendants deny the allegations.

9. With respect to the allegations in Paragraph 9 of the Complaint, Defendants admit the allegations.

10. With respect to the allegations in Paragraph 10 of the Complaint, Defendants admit the allegations.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants deny the allegations.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendants deny the allegations.

13. With respect to the allegations in Paragraph 13 of the Complaint, Defendants deny the allegations.

14. With respect to the allegations in Paragraph 14 of the Complaint, Defendants admit

1  McGuire does not fall under the Professional exception to the overtime requirement under the FLSA.
2  Defendants deny the remaining allegations in Paragraph 14.

3     15.   With respect to the allegations in Paragraph 15 of the Complaint, Defendants deny the
4  allegations.

5     16.   With respect to the allegations in Paragraph 16 of the Complaint, Defendants deny the
6  allegations.

## COUNT ONE

### Violation of Arizona's Wage Law

9     17.   Defendants reallege their responses set forth in Paragraphs 1 through 16 above
10 and incorporate them herein by reference.

11    18.   With respect to the allegations in Paragraph 18 of the Complaint, Defendants deny the
12 allegations.

13    19.   With respect to the allegations in Paragraph 19 of the Complaint, Defendants deny the
14 allegations.

15    20.   With respect to the allegations in Paragraph 20 of the Complaint, Defendants deny the
16 allegations.

17    21.   With respect to the allegations in Paragraph 21 of the Complaint, Defendants deny the
18 allegations.

19    22.   With respect to the allegations in Paragraph 22 of the Complaint, Defendants deny the
20 allegations.

21    23.   With respect to the allegations in Paragraph 23 of the Complaint, Defendants deny the
22 allegations.

## COUNT TWO

### Violation of Fair Labor Standards Act

25    24.   Defendants reallege their responses set forth in Paragraphs 1 through 23 above
26 and incorporate them herein by reference.

25. With respect to the allegations in Paragraph 25 of the Complaint, Defendants deny the allegations.

26. With respect to the allegations in Paragraph 26 of the Complaint, Defendants deny the allegations.

27. With respect to the allegations in Paragraph 27 of the Complaint, Defendants deny the allegations.

28. With respect to the allegations in Paragraph 28 of the Complaint, Defendants deny the allegations.

29. With respect to the allegations in Paragraph 29 of the Complaint, Defendants deny the allegations.

30. With respect to the allegations in Paragraph 30 of the Complaint, Defendants deny the allegations.

31. With respect to the allegations in Paragraph 31 of the Complaint, Defendants deny the allegations.

32. With respect to the allegations in Paragraph 32 of the Complaint, Defendants deny the allegations.

33. Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As a first affirmative defense, Defendants allege that Plaintiff's complaint fails to state any claim for which relief may be granted.

As a second affirmative defense, Defendants allege that Plaintiff's Complaint is subject to removal.

As a third affirmative defense, Defendants allege Plaintiff is not "covered" by the FLSA under either individual or enterprise coverage  29 U.S.C. § 207.

As a fourth affirmative defense, Defendants allege statutes of limitation under both state and

federal law.

As a fifth affirmative defense, Defendants allege Plaintiff is a bona fide administrative employee exempt from overtime compensation. 29 U.S.C. § 213.

As a sixth affirmative defense, Defendants allege no willful violation of the FLSA.

As a seventh affirmative defense, Defendants allege good faith.

As a eighth affirmative defense, Defendants allege the award of treble damages under A.K.S. § 23-355 is discretionary, and in any even no conduct giving rise to treble damages occurred.

As a ninth affirmative defense, Defendants allege Plaintiff was paid overtime.

As a tenth affirmative defense, Defendants allege any other affirmative defense that becomes apparent as discovery progresses.

WHEREFORE, Defendants Stephen V. Streitfeld, M.D., P.C., Stephen V. Streitfeld, and Jane Doe Streitfeld pray for relief as follows:

A.   That judgment be entered in favor of all Defendants and against Plaintiff;

B.   That Plaintiff take nothing by her Complaint;

C.   Awarding Defendants' reasonable attorney's fees pursuant to A.R.S. § 12-341.01 and or any other applicable statute and costs; and

D.   Such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED 9th day of June, 2014.

LAW OFFICES OF PAUL A. RELICH, P.C.

*/s/ Paul A. Relich*

Paul A. Relich
Attorneys for Defendants

Copy of the foregoing mailed
9th day of June, 2014, to:

Thom Cope, Esq.
MESCH, CLARK & ROTHSCHILD, P.C.
249 North Meyer Avenue

5

1 Tucson, Arizona 85701
  Attorney for Plaintiff
2 _____/s/ Susan E. Grant_____